UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EVERETT HUDSON                                    CIVIL ACTION NO. 21-cv-4355

VERSUS                                            JUDGE ELIZABETH E. FOOTE

PROGRESSIVE PALOVERDE INSURANCE        MAGISTRATE JUDGE HORNSBY
CO ET AL

**MEMORANDUM ORDER**

Defendants removed this case based on an assertion of diversity jurisdiction, which places the burden on them to set forth the citizenship of the parties with specificity.  There is some ambiguity about the allegations with respect to two of the parties.

Progressive Paloverde Insurance Company alleges that it is "domiciled in the State of Indiana and has its principal place of business in the State of Ohio."  Notice of Removal, ¶ 9.  Progressive does not allege its form of entity.  If it is a corporation, it is a citizen of the state in which it is incorporated and the state where it has its principal place of business. The court will assume that Progressive is a corporation and that it intended by the allegation of domicile to indicate that it is incorporated in Indiana.  If Progressive or any other party believes that either of these assumptions is incorrect, they must file a written response within 14 days and set forth what they believe are the accurate facts regarding Progressive's citizenship.

Vincent Fabian is alleged to be "residing in the State of Florida."  It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of

citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019). The court will assume that Progressive intended to allege that Mr. Fabian is a domiciliary and thus a citizen of Florida. If any party takes issue with that assumption, they must file a written statement within 14 days and set forth what they believe to be the accurate facts regarding Mr. Fabian's domicile.

Based on the assumptions set forth above, the court finds that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion.

Progressive filed an answer during the state court proceedings. It later filed an amended answer and alleged that the policy at issue was actually issued by Artisan and Truckers Casualty Company, a separate Progressive entity. Artisan joined in the notice of removal, but it does not appear that Plaintiff has ever named Artisan as a defendant. Plaintiff is directed to explore this issue and promptly move to amend his complaint to name Artisan as a defendant if that is deemed appropriate.

The court will set a scheduling conference once all defendants have filed an answer. The only answers lacking at this time are from Artisan, discussed above, and Vincent Fabian.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of January, 2022.



Mark L. Hornsby
U.S. Magistrate Judge